WILLIAM KANE, PLAINTIFF, v. KELLY & McALINDEN COMPANY, A BODY CORPORATE, ET AL., DEFENDANTS.

PAT MORSE, PLAINTIFF, v. KELLY & McALINDEN COMPANY, A BODY CORPORATE, ET AL., DEFENDANTS.

Submitted May 17, 1930—Decided November 14, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the plaintiffs, *Quinn, Parsons & Doremus.*

For the defendants Kelly & McAlinden Company and David R. Kipp, *Charles Stockwell Gray.*

PER CURIAM.

The cases were tried at the Monmouth Circuit. Both plaintiffs and the defendants have rules for new trials. The plaintiff Morse recovered a verdict of $750 and the plaintiff Kane one of $500. Both were seriously injured. They were injured while riding in a truck owned and operated by Stryker & Stryker, their employers. The firm is not involved in the litigation.

The testimony adduced in behalf of the plaintiffs indicates that the Stryker truck was being driven from Roselle where the plaintiffs had been working. The driver of the truck was familiar with the concrete road on which he was driving. The evidence indicates that when he was approaching Lawrence Harbor and about twenty-five or thirty feet from a dirt crossroad he saw the defendants' car approaching. This car was coming out of the dirt road and onto the concrete road and was moving slowly. To avoid striking this car, the Stryker truck, which was proceeding at about thirty miles an hour, was suddenly swerved to the left and proceeded a short way along the highway and overturned after it had struck a telegraph pole on the opposite side of the road. In this manner were the plaintiffs injured.

The testimony adduced on behalf of the defendants indicates that the defendants' car was at a standstill, and that the driver was waiting an opportunity to cross and did not cross or come out on the road until after the Stryker car had turned over.

The trial judge submitted the issues in a well-balanced charge.

The plaintiff Kane suffered a fracture of the pelvis. The testimony indicates that there will be a permanent dislocation which will require years of patient treatment. The medical testimony indicates that he was completely disabled for one year and will be partially disabled for another, and will always suffer some pain and impairment of his efficiency. He earned $27 a week before the accident and was regularly employed. He has expended $628 upon physicians and surgeons and is in no sense compensated for his proved injury by a verdict of $750.

The plaintiff Morse sustained a fracture of the leg and was out of employment for more than a year by reason thereof, and is still unable to work. He appears to have been regularly employed prior to the accident and to have been in receipt of weekly wages of $27. His doctor's bill amounted to $230 and he still suffers pain. A verdict of $500 in this case cannot be said to be just compensation for the proved injuries.

We do not think there should be a new trial on damages only. We do not think that the verdicts should stand as fixing the liability of the defendants. Examination of all the evidence leads to the conclusion that the jury had doubt as to the negligence of the defendants and the verdicts look like a compromise.

There will be rules absolute for new trials.